# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

COREY DESHAWN PRIEST,        )
                                   )
              Plaintiff,     )
     vs.                         )      No. 1:06-cv-1440-SEB-VSS
                                   )
MAJOR BEARD,               )
SHERIFF BECHER,         )
                                   )
             Defendants.   )

## Entry Discussing Motion to Dismiss

The court, having considered the complaint of plaintiff Corey Priest and the defendants' unopposed motion to dismiss, now finds that the defendants' motion to dismiss filed on December 5, 2006, must be **granted.** This conclusion is based on the following facts and circumstances:

1.     The defendants argue that Priest's complaint fails to state a claim upon which relief can be granted. The defendants' motion to dismiss is presented pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. A complaint will not be dismissed for failure to state a claim unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). This court must take all allegations in the complaint as true, and draw all reasonable inferences in the light most favorable to the plaintiff. *Pickrel v. City of Springfield,* 45 F.3d 1115, 1117 (7th Cir.1995). To survive a motion to dismiss, a plaintiff "need not plead particular legal theories or particular facts in order to state a claim." *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir.2000). The plaintiff need only give "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Despite this stringent standard, however, when a plaintiff "pleads facts that show his suit is time barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994).

2.     Priest is confined at the Clark County Jail (the "Jail") in Jeffersonville, Indiana, but during the course of his confinement he has also been confined at the Henderson County Jail in Kentucky. The defendants in this action are Clark County Sheriff Becher and Jail Commander Major Beard.

3.     Priest's first claim is that the conditions of his confinement at the Henderson County Jail were unconstitutional. However, because neither Sheriff Becher nor Major Beard were or could be personally responsible for those conditions, Priest's claim based on those conditions does not state a viable claim for relief against the defendants in this case. *Johnson v. Snyder,* 444 F.3d 579, 583 (7th Cir. 2006) ("to recover damages under [42 U.S.C.] § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.")(quoting *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995)).

4.     Priest also claims that the bond set on him was excessive, but the setting of bond is a judicial task, not one performed by the Sheriff or the Jail Commander. This claim, therefore, as with the claim concerning the conditions of Priest's confinement in the Henderson County Jail, cannot support recovery against either Sheriff Becher or Jail Commander Beard. *Gentry,* 65 F.3d at 555 ("some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery")(citing *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983).

5.     Priest's remaining claims are that he was improperly classified and thereby shipped to the Henderson County Jail for a period of time and that the telephone access with his attorney he had while at the Jail was restricted because of the high charges associated with such measure. As to these claims, the defendants correctly point out that the complaint shows on its face that Priest failed to utilize available administrative remedies. This is evident from Priest's answer to a quest on page 5 of the complaint. This, in turn, is fatal to Priest's claims concerning the conditions at the Jail (these being the classification decision and the cost of telephone access).

a.     The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The exhaustion requirement applies to the conditions of Priest's confinement as he alleges in his complaint. *Porter,* 534 U.S. at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").

b.     "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004)("Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies.").

c.     The consequence of the foregoing is that Priest's claims concerning the conditions at the Jail are premature, should not have been brought (prior to full exhaustion) and must now be dismissed without prejudice. *See Ford v. Johnson,*

362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). This resolution precludes the court from reaching the merits of Priest's claims concerning conditions at the Jail or the defendants' further arguments in support of dismissal of the complaint. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

6.      Based on the foregoing, the defendants' motion to dismiss is **granted.** The claims relating to Priest's confinement at the Jail are dismissed without prejudice, while all other claims are dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/18/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana